Braunstein v. Sahara Plaza, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty-two.**

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> MYRNA PÉREZ,
> > *Circuit Judges.*

---

Tina Michelle Braunstein,

> *Plaintiff-Appellant,*

v.                                                                          No. 21-2030

Sahara Plaza, LLC, Fairmont Hotels & Resorts (Maryland) LLC.,

> *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          Michael P. Lagnado, New York, NY.

**FOR DEFENDANTS-APPELLEES:**          David I. Rosen, Sills, Cummis & Gross, P.C., Newark, NJ.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 29, 2021 judgment of the district court is **AFFIRMED**.

Plaintiff Tina Michelle Braunstein appeals from a grant of summary judgment to Defendants Sahara Plaza, LLC and Fairmont Hotels & Resorts (Maryland) LLC ("Defendants") on her sex discrimination claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

We review a district court's award of summary judgment de novo and affirm only if the record, viewed in the light most favorable to the nonmovant, shows no genuine issue of material fact and the movant's entitlement to judgment as a matter of law. *See Jackson v. Fed. Express*, 766 F.3d 189, 193–94 (2d Cir. 2014). To defeat a well-supported motion for summary judgment, "the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial." *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998).[1]

---

[1] Braunstein's briefing contains numerous conclusory and speculative claims that are supported by only her own self-serving affidavits. Accordingly, we do not consider them as part of our analysis. *See, e.g.*, *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997) (affirming district court's refusal to consider affidavits that contained only "bald assertions" and "legal conclusions"); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996) (finding no material issue of fact to consider where plaintiff offered only conclusory allegations)

**DISCUSSION**

## I. Termination Claims

Braunstein's termination claims are governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). *See Ruiz v. County of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010) (Title VII); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 305 & n.3 (2004) (NYSHRL). Under this framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination, a burden which "has been frequently described as minimal." *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 75 (2d Cir. 2016). "If the plaintiff [makes out a prima facie case], the burden shifts to the defendant to articulate 'some legitimate, non-discriminatory reason' for its action." *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008) (quoting *McDonnell Douglas*, 411 U.S. at 802). If the defendant carries that burden, then the plaintiff may no longer rely on the presumption that initially supported the prima facie case. *Id.* The "plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." *Walsh*, 828 F.3d at 75 (quoting *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004)).

The district court found that Braunstein carried her burden at the initial stage, and Braunstein does not here dispute that Defendants proffered a legitimate, nondiscriminatory reason for her termination—namely, that she was combative, unprofessional, and unwilling to change her behavior. As a result, the issue before us is whether Braunstein's admissible evidence would permit a rational fact finder to infer that her termination was more likely than not based, in part, on sex discrimination. *Id.*

3

Braunstein fails to adduce sufficient evidence to create a genuine dispute of material fact on either of her theories of liability: (1) that the individual who ultimately chose to terminate her, Martin Mariano, was motivated by discriminatory bias or (2) that Braunstein was treated less favorably than her similarly situated male coworkers. As evidence of discriminatory motive in support of her first theory, Braunstein points only to a January 2015 conversation where Mariano spelled out "b-i-t-c-h." *See* App'x at 176. Under our precedent, use of the word "bitch," by itself, does not "automatically command an inference of gender-based hostility." *Pucino v. Verizon Wireless Commc'ns, Inc.*, 618 F.3d 112, 118 (2d Cir. 2010). We explained, "[i]t surely is the case that use of that word ['bitch'] in many contexts reflects [sex-based] hostility. However, we cannot say that use of the word 'bitch' always and in every context has that meaning or that its usage need not be viewed in context." *Id.*

Here, the word was used as part of a larger conversation, held at Braunstein's request, about the importance of teamwork, Braunstein's communications issues with staff members, and methods to ameliorate ill feelings that had developed. It is clear on this evidence that Mariano was not expressing disdain or animus against women. He was merely telling one woman how aspects of her behavior affected her job performance. In this context, the word did not give rise to an inference of gender hostility.

With respect to her second theory of liability, no trier of fact could find that Braunstein was subjected to disparate treatment. To meet her burden, Braunstein needed to adduce evidence that her male coworkers were "engaged in comparable conduct" yet "treated differently" than she. *Ruiz*, 609 F.3d at 493–94. Here, Braunstein has not shown that the other bartenders were subjects, like her, of repeated complaints of unprofessional and uncongenial behavior, which they were

4

unwilling to correct.  *See Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997) (finding that plaintiff could not demonstrate causation even at prima facie stage where coworkers did not engage in comparable misconduct).  Accordingly, Braunstein's discrimination claims fail.

### II.  Hostile Work Environment Claims

To succeed on a hostile work environment claim under either Title VII or the NYSHRL, Braunstein must "proffer sufficient evidence to allow a trier of fact to find disparate treatment based on gender, resulting in a hostile working environment that was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment . . . .'"  *Pucino*, 618 F.3d at 117 & n.2 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).  In assessing Braunstein's hostile work environment claim, a trier of fact may only consider "abusive conduct proven to be 'based on sex.'"  *Id.* at 117 (quoting *Alfano v. Costello*, 294 F.3d 365, 378 (2d Cir. 2002)).

Here, Braunstein fails to adduce sufficient evidence of sex-based abusive conduct.  To support her hostile work environment claim, Braunstein points to two sex-neutral incidents— verbal altercations with bartenders Edmund McSloy and Roberto Rosa.  Though the incidents may have been upsetting, Braunstein offers no evidence that McSloy or Rosa engaged in additional sex-specific harassment or made derogatory comments from which a trier of fact could infer that the altercations were based on sex.  *See Howley v. Town of Stratford*, 217 F.3d 141, 156 (2d Cir. 2000) (holding that a rational juror could find ostensibly sex-neutral harassment was in fact sex-based because of perpetrator's previous sexually derogatory verbal abuse).

The remaining incidents—including one in which a supervisor called Braunstein "not ladylike" and the incident in which Mariano spelled out "b-i-t-c-h"—were not "sufficiently severe

5

or pervasive so as to alter the conditions of [Braunstein's] employment." *Raniola v. Bratton*, 243 F.3d 610, 617 (2d Cir. 2001) (alteration omitted) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). Nor, for reasons explained above, were these comments indicative of gender-based discrimination.

### III. Retaliation Claims

Federal and state law retaliation claims are also analyzed according to the burden shifting framework set forth in *McDonnell Douglas*, 411 U.S. 792. *See Zann Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 843 (2d Cir. 2013). Here too, because the district court found Braunstein to carry her "minimal" burden at the prima facie stage, *id.* at 844 (quoting *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005)), and she does not dispute that Defendants offered a legitimate, nonretaliatory reason for Braunstein's termination, our inquiry focuses on Braunstein's burden of showing that, more likely than not, her treatment was in retaliation for her protected behavior. *See id.* at 845-46.

Braunstein contends she received a negative performance review and was fired because she reported her coworkers' inappropriate comments and behavior. Braunstein's only evidence of retaliation is the temporal proximity among her complaints, her negative review, and her termination. This is insufficient to establish that her employer was acting out of retaliatory motive. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010) ("The temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a prima facie case of retaliation under Title VII, but without more, such temporal proximity is insufficient to satisfy appellant's burden.").

6

We have considered all of Braunstein's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court